# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| JAMOCA TAIYE PRICE, | |
| Plaintiff, | No. C14-4080-MWB |
| vs. | |
| WOODBURY COUNTY SHERIFF, JAIL ADMINISTRATOR, NURSE PEARLA, | ORDER |
| Defendants. | |

___

The matter before the court is the order that is dated September 26, 2014. Pursuant to such order, the court granted in forma pauperis status pursuant to 28 U.S.C. § 1915(a)(1) and directed the clerk's office to file the plaintiff's complaint. At that time, the court did not conduct an initial review of the complaint or direct the clerk's office to effectuate service of the complaint. The court now finds that the plaintiff must take the following additional steps in order to proceed with his civil action under 42 U.S.C. § 1983.

The plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly account balance, the court finds that the initial partial filing fee is $2.00.

*Id*.  The plaintiff shall submit $2.00 by no later than December 3, 2014.  *Id*.  If the court does not receive payment by this deadline, the instant action shall be dismissed.  *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).  If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court.  Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff.  *Id*.  The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

Concerning the plaintiff's complaint (Doc. No. 3), supplement (Doc. No. 6), second supplement (Doc. No. 8), third supplement (Doc. No. 9), fourth supplement (Doc. No. 10), fifth supplement (Doc. No. 11), sixth supplement (Doc. No. 12), seventh supplement (Doc. No. 13), eighth supplement (Doc. No. 14), ninth supplement (Doc. No. 15), tenth

supplement (Doc. No. 16), eleventh supplement (Doc. No. 17), twelfth supplement (Doc. No. 18), thirteenth supplement (Doc. No. 20), fourteenth supplement (Doc. No. 21) and fifteenth supplement (Doc. No. 22), they do not comply with the Federal Rules of Civil Procedure. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction" a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity.

The plaintiff's claims are not simple, concise and direct. It is evident from the record that the plaintiff inundated the court with filings. Because he sought to name additional defendants and/or additional plaintiffs, to add new claims, to expand on his original claims and to seek additional relief, the record is very difficult to review. Stated differently, the court finds that it is extraordinarily hard to discern what claims the plaintiff is actually asserting against the named defendants or unnamed defendants. Given the record, the court is of the opinion that the matter is best addressed by requiring the plaintiff to file an amended and substituted complaint. The plaintiff shall file by no later than December 3, 2014 an amended and substituted complaint specifically setting forth

pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff shall only state what each defendant personally did, or failed to do, which resulted in harm to him. The plaintiff shall refrain from speaking on behalf of other inmates and giving legal arguments.[1] The plaintiff should attempt to limit the "statement of claim" portion of his complaint to three pages, written on one side of the paper and double-spaced. And, the plaintiff shall state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended and substituted complaint by December 3, 2014, this action will be dismissed. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (addressing inherent power to dismiss a case for failure to prosecute). If necessary, the plaintiff may request in a written motion an extension of time to file an amended and substituted complaint. The clerk's office shall send the plaintiff the form that is regularly used by those individuals who seek relief under 42 U.S.C. § 1983. If he so chooses, the plaintiff may complete and submit it as his amended and substituted complaint.

In sum, the court will not rely on every filing that the plaintiff submitted. Rather, as previously stated, the court will afford the plaintiff with an opportunity to file an amended and substituted complaint and conduct the necessary review once it is filed. Finally, the plaintiff should be aware that any claims that are not realleged in his amended and substituted complaint will be deemed abandoned by the court. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The court shall reserve

---

[1] The plaintiff is not entitled to represent other inmates. If the other inmates referred to by the plaintiff are so inclined, they can commence a separate action by submitting a complaint and either the filing fee or an application to proceed in forma pauperis.

ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[2]

**IT IS THEREFORE ORDERED**:

(1) The plaintiff is directed to submit $2.00 by no later than December 3, 2014. The instant action will be dismissed unless either the initial partial filing fee of $2.00 is received by December 3, 2014 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

---

[2] Before proceeding with his action, the plaintiff should be aware of several points. First, mere harassment, threats or verbal abuse does not give rise to a violation under 42 U.S.C. § 1983. *See Frietas v. Ault*, 109 F.3d 1335 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind."). Second, negligence on the part of prison officials is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Givens v. Jones*, 900 F.2d 1229, 1232 (8th Cir. 1990) (stating that the Eighth Amendment does not protect against mere acts of negligence on the part of prison officials). Third, merely disagreeing with the medical treatment that is provided does not typically give rise to a valid cause of action. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing case as frivolous because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"). Fourth, an inmate must demonstrate that he suffered prejudice as a result of the inadvertent opening of legal mail by prison officials. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012). Fifth, under the Prison Litigation Reform Act,
> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

42 U.S.C. § 1997e(e). Sixth, a plaintiff must fully exhaust administrative remedies prior to commencing an action. *See* 42 U.S.C. § 1997e(a). Lastly, liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory. *See Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007).

(2) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(3) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(4) The plaintiff is directed to file by no later than December 3, 2014 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff is directed to only state what each defendant personally did, or failed to do, which resulted in harm to him. The plaintiff is directed to refrain from speaking on behalf of other inmates and giving legal arguments. The plaintiff is encouraged to limit the "statement of claim" portion of his complaint to three pages, written on one side of the paper and double-spaced. And, the plaintiff is directed to state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983.

(5) Unless the plaintiff files an amended and substituted complaint by December 3, 2014 or the court grants an enlargement of time to file an amended and substituted complaint, the clerk's office is directed to dismiss without prejudice this action.

(6) The clerk's office is directed to send the plaintiff the form that is regularly used by those who seek relief under 42 U.S.C. § 1983.

(7) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**DATED** this 5th day of November, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE

TO: **WARDEN/ADMINISTRATOR**
**Woodbury County Jail, Sioux City, Iowa**

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Jamoca Taiye Price, #33253, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Price v. Woodbury County Sheriff et al.*, Case No. C14-4080-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $2.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa