# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JAMOCA TAIYE PRICE,<br><br>Plaintiff,<br>vs.<br><br>WOODBURY COUNTY JAIL ADMINISTRATOR, MERCY MEDICAL CENTER, and PREA DETECTIVES<br><br>Defendants. | No. C 14-4080-MWB<br><br>**MEMORANDUM OPINION AND ORDER ON MERCY MEDICAL'S MOTION TO DISMISS AND WOODBURY JAIL AND PREA'S AFFIRMATIVE DEFENSE** |

_____

## *I.     INTRODUCTION*

This matter is before me on the Mercy Medical Services Inc.'s ("Mercy Medical") September 28, 2015, Motion to Dismiss Defendant Mercy Medical Services, Inc., an Iowa Non-Profit Corporation d/b/a Mercy Business Health Services Misnamed as Mercy Medical Center (docket no. 39) and on the Woodbury County Jail Administrator and PREA Detective's ("Woodbury Jail and PREA") September 29, 2015, Answer and Affirmative Defenses to Amended Complaint (Doc. 30) and Jury Demand of Woodbury County Jail Administrator and PREA Detectives (docket no. 40).

These pleadings are responsive to an August, 27, 2015, Order (docket no. 37) asking the parties to assist the court in determining whether the plaintiff's amended complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

## II. MERCY MEDICAL'S MOTION TO DISMISS

In its brief, Mercy Medical relies on *United States v. A.H. Fischer Lumber co.*, 162 F.2d 872, 873 (4th Cir. 1947) and *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000), for the proposition that the appropriate remedy for misnaming a defendant is to dismiss the defendant, or alternatively, order the plaintiff to amend the Complaint to properly name this defendant. In *Roberts v. Michaels*, the Eighth Circuit Court of Appeals stated that, "[a defendant] corporation ha[s] the right to be accurately named in the process and pleadings of the court; [a] misnomer [i]s properly raised by motion to dismiss . . ." *Id*. at 778. Therefore, there is an adequate basis for granting Mercy Medical's request for relief for being improperly named, but the question remains as to whether it should be dismissed entirely, or whether the plaintiff should be granted leave to amend his Complaint to correct the error.

Rule 15(c)(1) of the Federal Rules of Civil Procedure provides,

> An amendment of a pleading relates back to the date of the original pleading when . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits . . .

*Id*. Federal Rule of Civil Procedure 4(m) provides "120 days after the complaint is filed" for a plaintiff to serve a complaint on a defendant. Fed. R. Civ. P. 4(m). "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient

2

'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits." *Krupski v. Costa Crociere Sp. p. A.*, 560 U.S. 538, 554 n.5 (2010). The Court in *Krupski* went on,

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity. Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been more aware, such knowledge does not support that party's interest in repose.

*Id.* at 550. "Relation back under [Rule 15(c)(1)(C)] 'is most obviously appropriate in cases . . . where the plaintiff has sued a corporation but misnamed it.'" *United States ex rel. Miller v. Bill Harbert Intern. Const.*, Inc., 608 F.3d 871, 883 (D.C. Cir. 2010) (quoting *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000)).

As Mercy Medical received actual notice of this action and will not be prejudiced in defending the suit on the merits, the plaintiff is permitted to amend his Complaint to properly name Mercy Medical Services, Inc., instead of Mercy Medical Center. Therefore, I reserve ruling on Mercy Medical's Motion to Dismiss. Price has 31 days to amend his Complaint, up to, and including January 11, 2016, after which time, if he has failed to amend consistent with this Order, Mercy Medical shall be dismissed as a party to this suit without further order from this court.

## III. WOODBURY JAIL AND PREA'S "FAILURE TO STATE A CLAIM" AFFIRMATIVE DEFENSE

I turn now to an affirmative defense offered in the Answer the Woodbury Jail and PREA. Paragraph 1 of the Affirmative Defenses section of the Answer states, "[t]he Plaintiff has failed to state a claim upon which relief can be granted." I note this only because it seems as though the defendants are moving to dismiss in the form of an affirmative defense in their Answer. I make the inference that the Woodbury Jail and PREA intended this affirmative defense to be construed as a Rule 12(b)(6) motion, because the defendants have answered in response to an Order indicating that "[t]he court is unable to determine as a matter of law whether the plaintiff's amended complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief." The Order requested appropriate dispositive motions or an answer to assist in addressing this matter, hinting that the pleadings were insufficient.

Chief United States District Court Judge Reade, of this court, recently noted that it is improper to plead "failure to state a claim" as an affirmative defense. *United States CFTC v. U.S. Bank, N.A.*, 2014 U.S. Dist. LEXIS 9863, *16, 2014 WL 294219 (N.D. Iowa Jan. 27, 2014). Chief Judge Reade stated,

> The Eighth Circuit Court of Appeals has not explicitly addressed whether a defendant may plead as an affirmative defense that a plaintiff failed to state a claim upon which relief may be granted. Federal district courts across the country come to different conclusions on this issue. For example, in *Boldstar Technical, L.L.C. V. Home Depot, Inc.*, 517 F. Supp. 2d 1283 (S.D. Fla. 2007), the court stated:
>
>> Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima

> facie case. Therefore, it is not properly asserted as an affirmative defense.

*Id.* at 1292. On the other hand, some courts hold that "the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in an answer." *SEC v. Toomey*, 866 F. Supp. 719, 723 (S.D.N.Y. 1992).

Other courts treat what they consider a mispleaded affirmative defense as a denial. *See Bluewater Trading L.L.C. v. Willmar USA, Inc.*, 2008 U.S. Dist. LEXIS 108191, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008) ("The foregoing statement, although labeled an affirmative defense, alleges a defect in Plaintiff's prima facie case. In other words, the assertion in Defendant's Answer is a denial of Plaintiff's claim rather than an affirmative defense.") *U.S. Bank Nat. Ass'n* [*v. Educ. Loans Inc.*], 2011 U.S. Dist. LEXIS 131453, 2011 WL 5520437, at *6 [(D. Minn. Nov. 14, 2011)] ("In this [c]ourt's view, failure to state a claim is not technically an affirmative defense; however, striking the defense at this juncture would serve no real purpose. The Federal Rules of Civil Procedure provide that failure to state a claim may be raised in a responsive pleading (such as an Answer), by a Motion or Judgment on the Pleadings, or as late as trial." (citing Fed. R. Civ. P. 12(h)(2))). If considered a denial, the contention that a plaintiff failed to state a claim is permissible in an answer pursuant to Federal Rule of Civil Procedure 12(h)(2). *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . in any pleading allowed or ordered under Rule 7(a).").

*Id.* Therefore, to the extent this affirmative defense was intended to be construed as a Rule 12(b)(6) motion, it is **denied**.

## IV.    CONCLUSION

I reserve ruling on Mercy Medical's Motion to Dismiss. The plaintiff has 31 days to amend, up to and including the date of January 11, 2016, after which time, if the plaintiff has failed to amend his Complaint consistent with this Order, Mercy Medical shall be dismissed without further order from this court. To the extent the Woodbury Jail and PREA's "failure to state a claim upon which relief can be granted" affirmative defense was intended to be construed as a Rule 12(b)(6) motion, it is improperly pled, and thus, **denied** without prejudice.

**IT IS SO ORDERED**.

**DATED** this 11th day of December, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA